# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JULIET FAYE MOORE,** ]<br>]<br>   **Plaintiff,** ]<br>]<br>] <br>v. ]<br>]<br>**THOMAS E. CORTS, et al.,** ]<br>]<br>   **Defendants.** ] | **CIVIL ACTION NO.:**<br>**2:05-CV-2329-VEH** |

## OPINION and ORDER

This case is before the Court on the Motion for Relief from Expert Witness Deadline filed by Defendants (doc. 27) and the Motion to Withdraw as Attorney filed by counsel of record for the Plaintiff (doc. 25).

The Court has spent considerable time reviewing the motions and the file in its entirety and finds that each motion is due to be **GRANTED**, at least in part, as follows.

### Motion for Relief from Expert Witness Deadline

Defendants request from the Court an order granting relief from the Scheduling Order entered on June 26, 2006, which requires the Defendants to disclose expert witnesses, including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert, by August 7, 2006.

On May 1, 2006, Defendants served interrogatories and requests for production on Plaintiff Juliet Faye Moore (hereinafter "Moore"). Pursuant to Rules 33(b)(3) and 34(b) of the Federal Rules of Civil Procedure, Moore's responses to those written discovery requests were due on or before May 31, 2006. Moore failed to serve her responses by that deadline. On May 1, 2006, Defendants also served a notice for the deposition of Moore to take place on June 20, 2006. Thereafter, on June 15, 2006, Defendants' counsel wrote to counsel for the Plaintiff, pursuant to the requirements of Rule 37(a)(2)(B), in an effort to secure Moore's agreement to respond to the pending discovery requests. Fed. R. Civ. P. 37 (a)(2)(B). In that letter, counsel for Defendants noted that the discovery responses were overdue and that the responses would be necessary before Defendants could proceed with Moore's deposition. Because of the Moore's failure to respond, Defendants were forced to postpone the previously noticed deposition. Subsequently, counsel for the parties spoke by telephone and Moore's counsel explained that despite their continued effort to do so, they had been unable to make contact with Moore.

According to the record, it is abundantly clear that the Moore has failed to respond to Defendants' discovery requests, thereby delaying Plaintiff's deposition and delaying the progression of this case. On July 19, 2006, the Court ordered Plaintiff to respond to Defendants' discovery requests. Despite the Order, Plaintiff

has failed to respond to the discovery requests, thereby violating the Court's Order.

According to their motion, Defendants anticipated naming one or more expert witnesses to refute allegations contained in the Complaint, such as Plaintiff's assertions concerning her alleged medical conditions and concerning standards to be applied in evaluating Plaintiff's academic and clinical performances. Due to Plaintiff's failure to comply with discovery requirements and the Court's Order, Defendants have not been able to provide sufficient facts upon which an expert could base an opinion.

The Court finds that this motion is due to be and is hereby **GRANTED**. Accordingly, the Defendants are hereby relieved of the deadline for disclosing expert witnesses set forth in the June 26, 2006 Scheduling Order.

## Motion to Withdraw

Counsel of record[1] for the Plaintiff have requested permission to withdraw and for grounds states as follows:

1. Plaintiff and counsel have experienced irreconcilable differences in the prosecution and preparation of this cases; and

2. Plaintiff has refused to communicate with counsel concerning pending discovery propounded by Defendants' counsel.

---

[1] Ms. Robyn B. Bennitt and Mr. Henry E. Lagman are counsel of record for the Plaintiff.

The Motion is hereby **GRANTED CONDITIONALLY**. Ms. Robyn B. Bennitt and Mr. Henry E. Lagman are **ORDERED** to:

(1) serve, no later than August 14, 2006, upon the Plaintiff, Juliet Faye Moore, by certified mail, return receipt requested, at her last known address, a copy of: (i) the Motion to Withdraw; (iii) this Court's Order (doc. 23) granting Motion to Compel; (iv) this Court's Order to Show Cause entered August 4, 2006; (v) **AND** this Order;

(2) certify to the Court that counsel has delivered these documents to the Plaintiff;

(3) deliver to the Court proof of mailing as set forth in (1) above; and

(4) provide to the Clerk of Court a current address and telephone number for Plaintiff Juliet Faye Moore.

Upon counsel's certification to the Court that these tasks have been completed, Ms. Robyn B. Bennitt and Mr. Henry E. Lagman will be permitted to withdraw from representing Plaintiff Juliet Faye Moore further in this action. To the extent that Moore's counsel request that Moore be given sixty days within which to obtain alternative legal representation, the Motion is **DENIED**. However, Moore's time within which to respond to the Court's Show Cause Order is extended until 14 days after the date on which Moore receives a copy of this Order. Receipt shall be deemed to have occurred on the third business day after mailing as set forth in (1) above.

**DONE** this 11th day of August, 2006.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge