# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JULIET FAYE MOORE,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | **CIVIL ACTION NO.:** |
| v. ] | **2:05-CV-2329-VEH** |
| ] | |
| **THOMAS E. CORTS, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

**I.      Introduction**

This case is before the Court on the Motion to Dismiss (doc. 24) and Renewed Motion to Dismiss (doc. 33) filed by Defendants on August 3, 2006, and September 1, 2006, respectively. Pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, Defendants seek a dismissal of this action, with prejudice and reasonable fees and costs incurred in preparing and presenting these motions to the Court. After careful consideration, the Court finds that both motions are due to be granted in part and denied in part.

**II.     Procedural History**

On May 1, 2006, Defendants served interrogatories and requests for production on Plaintiff Juliet Faye Moore (hereinafter "Moore"). Pursuant to Rules 33(b)(3) and

34(b) of the Federal Rules of Civil Procedure, Moore's responses to those written discovery requests were due on or before May 31, 2006. Moore failed to serve her responses by that deadline. On May 1, 2006, Defendants also served a notice for the deposition of Moore to take place on June 20, 2006.

Thereafter, on June 15, 2006, Defendants' counsel wrote to counsel for the Plaintiff, pursuant to the requirements of Rule 37(a)(2)(B), in an effort to secure Moore's agreement to respond to the pending discovery requests. Fed. R. Civ. P. 37 (a)(2)(B). In that letter, counsel for Defendants noted that the discovery responses were overdue and that the responses would be necessary before Defendants could proceed with Moore's deposition. Because of Moore's failure to respond, Defendants were forced to postpone the previously noticed deposition. Subsequently, counsel for the parties spoke by telephone and Moore's counsel explained that, despite their continued effort to do so, they had been unable to make contact with her.

As of June 30, 2006, Defendants had not received any written discovery responses from Moore. Accordingly, Defendants moved the court to enter an order compelling Moore to provide discovery responses. On July 5, 2006, the Court entered an Order (doc. 20) requiring counsel for the parties to confer in an attempt to resolve the discovery impasse. Counsel for the parties conferred concerning the overdue discovery responses, and Moore's counsel reported once again that, despite

repeated attempts to do so, they had been unable to contact their client. As a consequence, Moore's counsel had not been able to prepare appropriate discovery responses.

On July 19, 2006, counsel for the parties filed a joint notice (doc. 22), informing the Court of their inability to resolve the discovery impasse. That same day, the Court entered an Order (doc. 23) granting Defendants' Motion to Compel and directed Moore to respond to Defendants' outstanding discovery requests within ten (10) days. Pursuant to the Court's Order and Rule 6(a) of the Federal Rules of Civil Procedure, Moore's discovery responses were due by August 2, 2006.

In the Court's Order of July 19, 2006, the Court explicitly warned that the "[f]ailure of Plaintiff to comply with the terms of this Order may result in the imposition of sanctions, including dismissal with prejudice for failure to prosecute." Despite this express warning, Plaintiff failed to respond to the discovery requests or otherwise respond to the Court's Order.

After Moore failed to comply with the Court's July 19, 2006 Order, Defendants filed their first Motion to Dismiss (doc. 24) on August 3, 2006. One day later, the Court entered a margin Order for Plaintiff to show cause by August 15, 2006, why Defendants' first Motion to Dismiss should not be granted. On that same day (*i.e.*, August 4, 2006), Robyn Bennitt and Henry Lagman filed a Motion to Withdraw (doc.

25) as counsel for Plaintiff. Defendants opposed this Motion to Withdraw (doc. 26) on August 4, 2006, and shortly thereafter, on August 7, 2006, filed a Motion for Extension of Time relating to their expert witness designation deadline. (doc. 27).

On August 11, 2006, the Court granted Defendants' Motion for Extension, conditionally granted Ms. Bennitt and Mr. Lagman's Motion to Withdraw, denied the request to allow Plaintiff an additional sixty (60) days to obtain new counsel, but did allow Plaintiff an additional fourteen (14) days to respond to the Show Cause Order. (doc. 28). On August 14, 2006, Plaintiff's withdrawing counsel filed a Notice of Compliance (doc. 29), reflecting the sending of the Court's Show Cause Order and Order entered on August 11, 2006, as well as letters of withdrawal.

On August 18, 2006, Jeffery Bennitt filed his Motion to Withdraw as counsel for Plaintiff, and within it sought again some additional time for Plaintiff to obtain new counsel. (doc. 30). On August 22, 2006, the Court conditionally granted Mr. Bennitt's Motion to Withdraw and denied the request to allow Plaintiff an additional sixty (60) days to secure counsel. On this same date, Plaintiff's withdrawing counsel filed a Second Notice of Compliance (doc. 32), and attached a green card that was signed by Plaintiff on August 16, 2006, which confirmed her receipt of the package containing the Court's Show Cause Order and Order entered on August 11, 2006.

### III. Analysis

### A. Dismissal of Plaintiff's Complaint for Failure to Prosecute

The Federal Rules of Civil Procedure authorize this Court to dismiss an action currently pending in light of a plaintiff's discovery abuses. More specifically, when a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2) authorizes the Court to enter such orders as are just, including an order "dismissing the action." Fed. R. Civ. P. Rule 37(b)(2)(C). Pursuant to Rule 41(b), a defendant may move for the dismissal of an action for the failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or with any order of the court.[1] Fed. R. Civ. P. 41(b).

Similarly, case law reinforces that, as a result of Moore's failure to comply with the Court's orders, this Court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and

---

[1]Pursuant to Rule 41(b), this dismissal constitutes an adjudication upon the merits. *See* Fed. R. Civ. P. 41 (b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). That power includes the authority to impose sanctions, including dismissal, on uncooperative litigants who commit discovery abuses. *Id.; see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."). The United States Supreme Court has confirmed that an involuntary dismissal is an appropriate sanction for a plaintiff's flagrant failure to comply with discovery deadlines. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976) ("[W]e hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities.").

Defendants' Motion to Dismiss and Renewed Motion to Dismiss are based on Moore's overall pattern of failure to comply with the discovery rules and the Court's various orders. In particular, Moore has failed to comply with the Court's: (i) initial Order (doc. 23) requiring her to respond to outstanding discovery, thereby allowing the case to proceed; (ii) the Show Cause Order; and (iii) the more recent Order (doc.

28) extending the time in which Plaintiff had to respond to the Show Cause Order.[2]

In sum, Plaintiff has failed to respond to Defendants' discovery requests, has completely ignored the Court's multiple orders,[3] has not otherwise contacted the Court about her lawsuit, has delayed any substantive progress with the litigation for four (4) full months (as measured by Defendants' service of discovery on May 1, 2006), and as a result, has foregone her opportunity to further pursue her case. *Phipps*, 8 F.3d at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Moreover, Plaintiff's repeated and flagrant failures to comply with this Court's orders make it extremely doubtful that she would respond in any meaningful way to some lesser sanction. Accordingly, this case is due to be dismissed with prejudice based upon Moore's failure to comply with multiple orders and her overall failure to

---

[2]Based upon the Court's deemed receipt language and the allowance of an additional fourteen (14) days in its August 11, 2006 Order, Plaintiff had until August 31, 2006, to file her response to the Show Cause Order. Similarly, more than fourteen (14) days has passed since Plaintiff's actual receipt of the documents. (doc. 32).

[3]As noted above, Plaintiff's personal receipt on August 16, 2006, of the Court's Show Cause Order and Order entered on August 11, 2006, has been confirmed by the United States Postal Service. (doc. 32).

prosecute this case.

**B.     Defendants' Request for an Award of Attorney's Fees and Costs**

Defendants contend that pursuant to Rule 37(b)(2), because Moore neglected to provide responses to Defendants' discovery requests and to otherwise comply with the series of orders by the Court that sought Plaintiff's compliance with her discovery obligations, Plaintiff ought to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). The Court is persuaded that the dismissal of Plaintiff's case with prejudice is a sufficiently severe sanction, especially under the circumstances of Plaintiff's current pro se status. The Court therefore declines, in its discretion, to award Defendants any fees or costs that they have incurred in preparation of their Motion and Renewed Motion to Dismiss. Accordingly, that portion of Defendants' motions seeking attorney's fees and costs is due to be denied.

**IV.   Conclusion**

Defendants' Motion to Dismiss and Renewed Motion to Dismiss are due to be granted with respect to the request to dismiss Plaintiff's Complaint for failure to prosecute and otherwise comply with multiple orders entered by this Court.

Defendants' Motion to Dismiss and Renewed Motion to Dismiss are due to be denied concerning Defendants' demand for attorney's fees and costs.  The Court will enter a separate order consistent with this Memorandum Opinion.

**DONE** this 1st day of September, 2006.

_____
 **VIRGINIA EMERSON HOPKINS**
United States District Judge